IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVALIN CHARLES BENNETT,<br>           Petitioner,<br><br>    vs.<br><br>STEPHEN A. GLUNT; CATHLEEN<br>CANE, *The Attorney General of the State*<br>*of Pennsylvania*,<br>           Respondents. | Civil Action No. 13-1775<br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF No. 16 |

## ORDER

Devalin Charles Bennett ("Petitioner") has filed a "Motion for Leave to Supplement 28 U.S.C.A. § 2254 –State" (the "Motion"). In the Motion, Petitioner states that "[w]ithin the last ten days, the petitioner has learned through an investigative research[er] acting on the petitioner's behalf that additional evidentiary support may exist in support of issues raised in the petitioner's habeas Corpus Petition and that misconduct during the prosecution of the petitioner may have occurred, raising issues other than those presently raised in the petitioner's Habeas Corpus filing yet still 'squarely' fits within the range of his 6th Amendment violation claim." ECF No. 16 at 1, ¶ 1.[1]  Petitioner then seeks "leave to supplement his Habeas Corpus petition ...

---

[1] Petitioner is warned that if he has discovered new evidence, or has new facts that he has not presented to the State Courts, the federal doctrine of exhaustion requires that he present that new evidence/facts to the State Courts first. Vasquez v. Hillery, 474 U.S. 254, 260 (1986)(holding that new factual allegations presented for the first time in a federal habeas proceeding may render a claim unexhausted if the new facts "fundamentally alter" the legal claim presented in state court); Sampson v. Love, 782 F.2d 53 (6th Cir. 1986) (when new evidence presented in support of a habeas claim places that claim in a "significantly different posture," the state courts must be given an opportunity to consider the claim in that posture). Petitioner is further warned that under State law, he may only have 60 days from the discovery of the new evidence/facts in which to file a new PCRA petition raising the new evidence/facts in the State Courts. 42 Pa. C.S.A. § 9545(b)(2).

for the petitioner to sufficiently and fully assert all the grounds upon which his Habeas Corpus petition should be granted." Id., at 2, ¶ 3.

We deem Petitioner's Motion to constitute a Motion for Leave to File an Amended Habeas Corpus Petition. Deemed as such, the Motion is hereby DENIED, albeit without prejudice to Petitioner re-filing the Motion for Leave to File an Amended Habeas Petition and attaching thereto, a proposed Amended Habeas Petition, in order for the court to be able to evaluate whether leave to file an Amended Habeas Petition should be granted or not. See, e.g., Borrero v. Glunt, Civ.A.No. 12–153J, 2012 WL 6045225, at *1(W.D.Pa., Dec. 5, 2012) ("Plaintiff filed a Motion To Amend/Correct the Complaint, ECF No. 9, which was denied without prejudice to him filing a second motion for leave to amend but with the proposed amended complaint attached thereto.").

Accordingly, the Motion is hereby **DENIED without prejudice** to Petitioner filing his Motion for Leave to File An Amended Habeas Petition with the proposed Amended Habeas Petition attached as an exhibit to the Motion. Petitioner must file the new Motion for Leave to File an Amended Habeas Petition with the proposed Amended Habeas Petition attached no later than June 15, 2014. Failure to do so, will result in the currently pending habeas Petition being deemed the operative Petition and Petitioner being deemed to have withdrawn the request to amend.

BY THE COURT:

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  Davalin Charles Bennett
     DX-9353
     SCI Houtzdale
     P.O. Box 1000
     Houtzdale, PA 16698-1000

     All Counsel of Record Via CM-ECF