IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVALIN CHARLES BENNETT,  )
                    Petitioner,  )
                                  )
    vs.                               )      Civil Action No. 13-1775
                                  )      Magistrate Judge Maureen P. Kelly
STEPHEN A. GLUNT; CATHLEEN  )
CANE, *The Attorney General of the State*  )
*of Pennsylvania,*  )      Re: ECF No. 25
                    Respondents.  )

# ORDER

On September 18, 2014, Devalin Charles Bennett ("Petitioner") filed what he captioned as a "60(b) Motion for Newly Discovered Evidence" whereby he seeks to have this Court consider "new evidence." ECF No. 25. The "new evidence" consists of an affidavit from Raymond Starks, who avers that a crucial prosecution witness, i.e., Antoinette Hooten, told Starks in May 1998, that, in exchange for a deal with the prosecution, she had testified untruthfully at the coroner's inquest held in connection with Petitioner's murder charges. ECF No. 25 at 2. The affidavit was executed on June 12, 2014. Significantly, Petitioner does not inform the Court as to when he learned of the averments of Raymond Stark. In addition, the "new evidence" also apparently consists of an "unsworn declaration" by Charmella Bennett, Petitioner's sister that she does "'<u>BELIEVE</u>' to the best of [her] recollection that during the time Ronald Minifield was killed . . . DAVALIN CHARLES BENNETT, was at my house" and further that she is "willing to testify <u>if need be</u> to the contents and facts in these ASSUMPTIONS." ECF No. 25-1. Petitioner's sister did not sign the unsworn declaration.

The Court, construing the instant Motion as one for leave to present new evidence, DENIES the instant Motion, substantially for the reasons given in the Court's previous Order,

ECF No. 24, denying for the most part both Petitioner's Motion to Amend, ECF No. 19 and Petitioner's Motion to Supplement, ECF No. 20. More specifically, to the extent that Petitioner has not presented this "new evidence" to the State Courts in support of any new claims based thereon, the new claim(s), supported by the new evidence, is/are not exhausted as required by the federal habeas doctrine of exhaustion and, because more than 60 days have passed since the execution of the affidavit by Raymond Starks, it appears that any such new claim supported by the "new evidence" would be procedurally defaulted. Slutzker v. Johnson, 393 F.3d 373 (3d Cir. 2004). Moreover, we find that the unsworn declaration by Petitioner's sister does not even constitute new evidence insofar as it lacks any evidentiary value because of what she stated in the declaration and because she did not sign the declaration and even if she had, it stretches credulity to believe that she only recently remembers that Petitioner was at her home on December 26, 1997, the night of the murder and so, such "evidence" would not be new.

To the extent that the "new evidence" supports claims that Petitioner did raise before the State Courts, which the State Courts rejected on the merits and those claims are also raised in the currently pending habeas petition, the Court may not consider any such new evidence under Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) (federal court review of a state court conviction under Section 2254 is limited to the record created before the state courts).

Accordingly, for the foregoing reasons, Petitioner's 60(b) Motion for Newly Discovered Evidence is **DENIED**.

BY THE COURT:

*s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Date: October 7, 2014


cc: Davalin Charles Bennett
DX-9353
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000

All Counsel of Record Via CM-ECF