IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVALIN CHARLES BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 13-1775 |
| | ) | |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| STEPHEN A. GLUNT; *and* | ) | Re: ECF No. 43 |
| CATHLEEN CANE, *The Attorney General of* | ) | |
| *the State of Pennsylvania*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

For the reasons that follow, the self-styled "Petitioner's Rule 60(b)(4) Motion for Relief Seeking to Set Aside a Judgement [*sic*] that is Void for Lack of Subject Matter Jurisdiction" (the "Motion"), ECF No. 43, will be dismissed for lack of subject matter jurisdiction as an unauthorized second or successive federal habeas petition. To the extent that one is required, a certificate of appealability will be denied.[1]

### I.     RELEVENT BACKGROUND

Davalin Charles Bennett ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Houtzdale ("SCI-Houtzdale") in Houtzdale, Pennsylvania. On December 12, 2013, Petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, (the "Petition"), seeking to attack his state court conviction for first degree murder and firearms violations. ECF No. 1. Petitioner was sentenced to life in prison without parole for the first degree murder conviction.

---

[1] The parties to this matter consented to the jurisdiction of a United States Magistrate Judge on March 19, 2014. ECF Nos. 12 and 13.

1

In the Petition, Petitioner raised the following two grounds for relief.

**GROUND ONE**: Petitioner was denied his right to due process which is a violation of the 14th Amendment of the U.S.C.A.

ECF No. 1 at 5.

**GROUND TWO**: Miscarriage of Justice/Actual Innocence occurred such that no civilized society would've tolerated.

Id. at 7.

Petitioner then filed an "Amendment to Habeas Corpus Petition," ECF No. 8, wherein he added a third Ground for Relief: "Trial court violated petitioner's 6th amendment right to the confrontation clause by allowing testimony of deceased witness to be heard by jury as evidence." Id. at 1.

On July 20, 2016, the undersigned issued a Memorandum Opinion and Order denying the Petition. ECF No. 33. Ground One was denied as not cognizable in a federal habeas petition. Id. at 5. Ground Two – to the extent that it was the assertion of a free-standing actual innocence claim – was denied on the merits. Id. at 15. Ground Three was denied as time-barred. Id. at 9. The United States Court of Appeal for the Third Circuit denied a certificate of appealability in an Order issued in lieu of mandate on January 3, 2017. ECF No. 41.

## II.   ANALYSIS

### A.   Petitioner's Motion is a Second or Successive Habeas Petition.

For habeas petitioners, a motion for relief from judgment pursuant to Rule 60 may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez v. Crosby, the United States Supreme Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." 545 U.S. 524, 532

2

(2005). "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at n.4. "When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim." Id. See also id. at 530 ("Under § 2244(b), the first step of analysis is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.' If so, the claim must be dismissed.").

The Supreme Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at n.4. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id. at 533.

Here, Petitioner claims that this Court lacked subject matter jurisdiction to entertain Petitioner's federal habeas Petition under 28 U.S.C. § 2254 when it denied the Petition in 2016. ECF No. 43 at 9. However, the bases underlying this assertion are that the state court's judgment of conviction was void because a detective allegedly provided false testimony during Petitioner's state court trial, and the state trial court failed to comply with state sentencing law because it did not require a pre-sentence investigation. Id.

Thus, while Petitioner characterizes his arguments as attacking the authority of this Court to issue its prior denial of federal habeas relief, he really is asserting new grounds attacking the validity of his conviction. Accordingly, the undersigned concludes that the Motion is not a true

3

Rule 60(b) motion, but properly is construed as a second or successive habeas petition under Gonzalez.

    **B.  This Court Lacks Jurisdiction to Adjudicate Petitioner's Motion.**

28 U.S.C. § 2254 allows a person in custody due to the judgment of a state court to seek a writ of habeas corpus based "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). However, with the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") in 1996, Congress chose to enact gatekeeping provisions in order to limit the number of prisoners filing multiple petitions for a writ of habeas corpus. The AEDPA provides, in relevant part:

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).

As stated above, the instant Motion properly is construed as a second or successive habeas petition. Petitioner provides no indication that he has been granted leave to proceed by the Third Circuit, and a search of that court's electronic filing system by Petitioner's name does not show that any such permission has been granted. As a result, this Court lacks subject matter jurisdiction to address the claims that Petitioner has raised in his motion. See Burton v. Stewart, 549 U.S. 147 (2007); see also Goldblum v. Klem, 510 F.3d 204, 217 (3d Cir. 2007). For this reason, the Motion will be dismissed, and a certificate of appealability will be denied because jurists of reason would not find it debatable whether this Court had jurisdiction to proceed with this case. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).

    An appropriate Order follows.

AND NOW, this 16th day of July, 2025, IT IS HEREBY ORDERED that the "Petitioner's Rule 60(b)(4) Motion for Relief Seeking to Set Aside a Judgement [sic] that is Void for Lack of Subject Matter Jurisdiction," ECF No. 43, is DISMISSED for lack of subject matter jurisdiction as an unauthorized second or successive federal habeas petition. To the extent that one is required, a certificate of appealability is DENIED.

BY THE COURT,

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  Davalin Charles Bennett
     DX-9353
     S.C.I. Houtzdale
     P.O. Box 1000
     Houtzdale, PA 16698-1000

     All counsel of record via CM-ECF

5